IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| PAUL FELDMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AXA EQUITABLE LIFE INSURANCE )<br>COMPANY and MICHAEL DOBBS, )<br>)<br>Defendants. )<br>) | CASE NO. CV409-004 |

## O R D E R

Before the Court is Plaintiff's Motion for Remand to State Court.[1] (Doc. 12.) For the reasons that follow, the Motion to Remand is **GRANTED**, and this case is **REMANDED** to **the State Court of Chatham County, Georgia** pursuant to 28 U.S.C. § 1447(c). As this case is remanded, all pending motions are **DISMISSED AS MOOT**. The **Clerk of Court** is **DIRECTED** to **close this case**.

### BACKGROUND

This case arises from a dispute over the length of coverage of a disability insurance policy. Specifically, the

---

[1] Also before the Court is Defendant AXA's Motion to Drop Michael Dobbs as a Defendant. (Doc. 3.) Conceding that Mr. Dobbs is not diverse from Plaintiff, Defendant has filed this Motion alleging that Defendant Dobbs is a sham defendant that should be dropped from the case allowing this Court to retain jurisdiction. (Id.) Accordingly, this Motion is bound up in the Motion to Remand, and the Court considers both together. As the Motion to Remand is granted, the Motion to Drop Defendant Dobbs must be **DENIED**.

parties dispute whether Plaintiff is entitled to lifetime benefits under AXA Equitable Life Insurance Policy No. 93755989 ("the Policy"). (Doc. 1 at 29-30.) The Policy was sold to Plaintiff by Defendant Dobbs, an independent insurance agent. (Id.)

As a result of being diagnosed with Parkinson's disease, Plaintiff was declared "disabled" by AXA Equitable Life Insurance Company ("AXA") in 2005, at the age of 59. (Id. at 30-31.) Plaintiff believed he was then entitled to receive disability benefits for the remainder of his life. (Id. at 31.) However, Defendant AXA has informed Plaintiff that his benefits will cease at age sixty-five. (Id.) Plaintiff avers that had he been aware that his benefits would terminate at age sixty-five, he would have purchased a different policy. (Id.) Plaintiff further alleges that Defendants' representations caused his erroneous belief that the policy provided lifetime coverage. (Id.)

Plaintiff filed this case in the Superior Court of Chatham County, Georgia on September 18, 2008. (Id. at 29.) Defendant AXA removed this case on January 9, 2009, contending that this Court has diversity jurisdiction. (Id. at 1.) Contemporaneously, Defendant AXA filed a Motion to Drop Defendant Dobbs, alleging that Mr. Dobbs is a "sham defendant"

2

included only to destroy potential federal diversity jurisdiction. (Doc. 3.)

## DISCUSSION

Federal courts are courts of limited jurisdiction: they may only hear cases that they have been authorized to hear by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). For cases first filed in state court, a defendant may remove the matter to federal court only if the original case could have been brought in federal court. 28 U.S.C. § 1441(a). Conversely, if no basis for subject matter jurisdiction exists, a party may move to remand the case back to state court. See 28 U.S.C. § 1447(c). When a case originally filed in state court is removed by the defendant, the defendant has the burden of proving that federal subject matter jurisdiction exists. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). All doubts about federal jurisdiction should be resolved in favor of a remand to state court. Burns v. Windsor Ins. Co., 21 F.3d 1092, 1095 (11th Cir. 1994).

The Defendant contends that this Court has original jurisdiction via diversity jurisdiction. See 28 U.S.C. § 1332. A federal court has diversity jurisdiction if the amount-in-controversy exceeds the sum or value of $75,000 and there is complete diversity between plaintiffs and defendants.

3

Id. Complete diversity requires every plaintiff to have diverse citizenship from every defendant. Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). Here, the face of the Complaint shows a lack of complete diversity—both Plaintiff Feldman and Defendant Dobbs reside in Georgia. (Doc. 1 at 29-30.)

Although the face of the Complaint indicates an absence of jurisdiction, the action may be removable if the joinder of the nondiverse party is fraudulent. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). The doctrine of fraudulent joinder is a judicially created exception to the rule of complete diversity that courts invoke in three situations. Id. First, if no possibility exists that the plaintiff can prove a cause of action against the nondiverse defendant, joinder is deemed fraudulent. Id. (citing Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983), superseded by statute on other grounds, as recognized in Georgetown Manor Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993)). Second, where "outright fraud" exists in the plaintiff's statement of jurisdictional facts, joinder is fraudulent. Id. Third, fraudulent joinder exists "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability, and where the claim against the diverse defendant has no real

4

connection to the claim against the nondiverse defendant." Id. (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1355 (11th Cir. 1996)). AXA argues only the first type of fraudulent joinder, asserting that the Complaint fails to plead a cause of action against Mr. Dobbs.[2] (Doc. 4 at 8.)

To establish fraudulent joinder based on a plaintiff's failure to state a claim, a defendant must show that there is no "possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint." Florence v. Crescent Res., LLC, 484 F.3d 1293, 1299 (11th Cir. 2007). In that respect, this Court is "limited to determining whether Plaintiffs have even an arguable claim." Id. at 1293 (internal quotation omitted). That is, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against [the resident defendant], the federal court must find that joinder was proper and remand the case to state court." Coker, 709 F.2d at 1440-41.

Georgia is a notice pleading state. Hatcher v. Moree, 133 Ga. App. 14, 15-16, 209 S.E.2d 708, 711 (1974). Accordingly, "the complaint, and other relief-claiming pleadings need not state with precision all elements that give

---

[2] As AXA does not assert the other two theories of fraudulent joinder the Court does not consider them.

5

rise to a legal basis for recovery as long as fair notice of the nature of the action is provided." Id. (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216.) It is certainly arguable that the Complaint puts Defendant Dobbs on notice of a negligence claim. (Doc. 1, Compl. ¶ 3 ("Defendant Dobbs was negligent in his sale of the Plaintiff's insurance plan.")) The question, then, is whether there is even an "arguable claim" for negligence against Mr. Dobbs based on the Complaint. See Crescent Res., 484 F.3d at 1299, Coker, 709 F.2d at 1440-41.

> There is no dispute between the parties that, in Georgia,
>
>> [t]o state a cause of action for negligence . . . there must be (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.
>
> Hayes v. Lakeside Vill. Owners Ass'n, Inc., 282 Ga. App. 866, 870, 640 S.E.2d 373, 377 (2006). Defendant AXA contends that Plaintiff has pled insufficient facts to meet any of these elements. (Doc. 27.) The Court now considers whether it is possible that a state court would find that the Complaint states a claim for negligence. See Coker, 709 F.2d at 1440-41.

With respect to the first element, Plaintiff has pled facts that are arguably sufficient to show that Defendant Dobbs owed him a duty. In Georgia, "[i]ndependent insurance agents or brokers are generally considered the agent of the insured, not the insurer . . . [and i]n many cases, the nature of the relationship between the parties has been a jury question." European Bakers, Ltd. v. Holman, 177 Ga. App. 172, 173-74, 338 S.E.2d 702, 704 (1985); see also Pope v. Mercury Indem. Co. of Ga., 297 Ga. App. 535, 540, 677 S.E.2d 693, 698 (2009) ("[I]ndependent agents or brokers are generally considered the agent of the insured, not the insurer.") This agency relationship gives rise to various fiduciary duties, including a duty to procure the coverage requested by the principle. Auto Towne Ins. Agency, Inc. v. Hart, 206 Ga. App. 120, 304, 424 S.E.2d 303, 304 (1992) (citing Johnson v. Pennington Ins. Agency, Inc. v. Hart, 148 Ga. App. 147, 148, 251 S.E.2d 116, 117 (1978)). That is, "[w]here one undertakes to procure insurance for another and is guilty of negligence in his undertaking, he is liable for loss or damage to the limit of the agreed policy." Young v. Carrollton Fed. Sav. & Loan Ass'n, 159 Ga. App. 836, 838, 285 S.E.2d 264, 266 (1981). Further, "an independent agent . . . may be held liable for damages resulting either from failure to exercise due care in procuring proper coverage or from misrepresentation of the

amount of coverage procured." Dillard v. Woodall, 167 Ga. App. 158, 159, 306 S.E.2d 81, 83 (1983); see also Anderson v. Redwal Music Co., 122 Ga. App. 247, 251, 176 S.E.2d 645, 648 (1970). Here, the Complaint states that "Michael Dobbs[] is an independent insurance agent" who sold Plaintiff this policy. (Doc. 1 at 29-30.) It is at least arguable that these facts give rise to a fair inference that Plaintiff would rely on the fiduciary duties arising from the independent insurance agent-insured relationship as the basis for the duty element of the negligence claim.

With respect to the second element, the Court finds that Plaintiff has arguably pled a breach of the above duty. When an independent insurance agent fails to exercise due care in procuring proper insurance, the agent breaches his duty to the insured.[3] Woodall, 167 Ga. App. at 159, 306 S.E.2d at 82. Plaintiff has stated that his agent was "negligent in the sale of the [insurance policy]," that Plaintiff was seeking

---

[3] AXA makes much of Defendant's duty to read the policy when arguing that there was no breach of duty pled in the Complaint. (Doc. 10.) In so doing, Defendant confuses a potentially meritorious defense with an element of a claim. See 46 Lee R. Russ, Couch on Insurance § 69 (3d. ed. 2009). To be sure, to show that the duty to read absolves Defendant Dobbs of any responsibility, Defendant will have to show that Plaintiff was not forced to rely on the expertise of Mr. Dobbs and that it was "readily apparent" from an examination of the policy that the benefits terminated at age sixty-five. See Turner, Wood, & Smith, Inc. v. Reed, 169 Ga. App. 213, 214, 311 S.E.2d 859, 860-61 (1983), Ethridge v. Assoc. Mut., Inc., 160 Ga. App. 687, 689, 288, S.E.2d 58, 59 (1981).

lifelong coverage under the policy, and that Plaintiff would have procured a different policy if he was aware that the policy benefits would have terminated at age sixty-five. (Doc. 1 at 30-31.) Plaintiff has further pled that Defendant supplied him with a policy that did not provide lifelong benefits, but rather benefits which terminated at the age of sixty-five. (Id.) These pleadings give rise to the reasonable inference that Defendant Dobbs breached his duty by failing to exercise due care in procuring proper insurance. Accordingly, it is arguable that Plaintiff has pled a breach of duty by Mr. Dobbs.

With respect to the third and fourth elements, AXA's brief is woefully inadequate to carry its burden. AXA's argument, which is stated in one sentence without any legal citation or accompanying reasoning, is insufficient to merit consideration by this Court.[4] (Doc. 4 at 11 ("In addition to

---

[4] Even if the Court considered these elements, sua sponte, there would be no support for AXA's position that Plaintiff failed to arguably plead these elements.
 The third element requires Plaintiff to plead facts showing causation. To show causation, Plaintiff must show that "but-for" the actions of Mr. Dobbs he would have procured additional insurance and that Mr. Dobbs's actions were a proximate cause of Plaintiff's injury. See Gregory v. Ross, 214 Ga. 306, 311, 104 S.E.2d 452, 456 (1941). The Complaint states that "[h]ad Plaintiff known that Defendants would later deny him such coverage past the age of sixty-five, Plaintiff would have had [sic] done everything possible to purchase a different disability income insurance policy; however, he did not do so based upon the representations of Defendants."

9

its utter failure to identify any duty owed by Mr. Dobbs, or to set forth facts showing a breach of any duty, plaintiff's complaint lacks allegations sufficient to show that he has suffered any damage, let alone damage that is causally related to the allegations against Mr. Dobbs.")) "A district court judge is neither required nor permitted to become counsel for any party." Baker v. Norman, 651 F.2d 1107, 1129 n.26 (5th Cir. 1981).[5] Therefore, the Court declines to supply the legal research and reasoning behind such an argument for AXA. Accordingly, Defendant has not met its burden of showing a failure to plead an arguable claim on these elements.[6]

---

(Doc. 1 at 31.) This sufficiently pleads but-for causation. The issue of proximate cause is a policy decision made by state courts, and it is at least arguable that the but-for causation in the Complaint would be sufficiently proximate under Georgia law. See Meadows v. Diverse Power, Inc., 296 Ga. App. 671, 672, 675 S.E.2d 571, 573 (2009).

That Plaintiff has pled facts that arguably give rise to the inference of damages, the fourth element, is equally apparent. It is not difficult to see that Plaintiff would be seeking compensation for the years beyond the age of sixty-five for which he mistakenly believed he was insured. (See Doc. 1 at 30-31.) This is consistent with Georgia law that "[a]n agent who negligently fails to procure insurance for his principle is liable to the principal for any resulting loss." Wright Body Works, Inc. v. Columbus Interstate Ins. Agency, 233 Ga. 268, 270, 210 S.E.2d 801, 803 (1974).

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[6] AXA also asserts that the statute of limitations bars Plaintiff's claims. (Doc. 4 at 21.) However, in this case, the statute of limitations is a common defense. That is, if AXA is correct that the relevant conduct in this case occurred

Based on the above, the Court finds that it is possible that a state court would find a cause of action in this Complaint.[7] "If there is even a possibility that a state court would find that the complaint states a cause of action against [the resident defendant], the federal court must find that joinder was proper and remand the case to state court." Coker, 709 F.2d at 1440-41. Moreover, all doubts about federal-court jurisdiction should be resolved in favor of a remand to state court. Burns v. Windsor Ins. Co., 21 F.3d 1092, 1095 (11th Cir. 1994). As such, this Court finds that Mr. Dobbs is not a sham defendant and complete diversity is lacking in this case. Therefore, this Court does not have subject matter jurisdiction over this case, which must remanded to the state court pursuant to 28 U.S.C. § 1447(c).

---

when the policy was purchased—1993—then the action against AXA would also be barred by the statute of limitations. "Where the improper joinder allegation . . . goes to the merits of the action as an entirety, and not to the joinder . . . there is no fraudulent joinder." Poole v. Am. Int'l Group, Inc., 414 F. Supp. 2d 1111, 1117 (M.D. Ala. 2006) (quoting Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 575 (5th Cir. 2004)); see also Smallwood, 385 F.3d at 575, Boyer v. Snap-on Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990).

[7] The Court notes that in deciding this Motion, the Court is not deciding that the Complaint, which is somewhat vague and inartfully drafted, actually states a valid claim. The Court is only holding that it is possible that a state court could find that the Complaint does, in fact, state a claim. Additionally, the Court is not passing on the validity of the defenses of the statute of limitations and the duty to read, other than to note that they are not sufficient reasons to declare Mr. Dobbs a sham defendant.

## CONCLUSION

After careful consideration, the Motion to Remand is **GRANTED**, and this case is **REMANDED** to **the State Court of Chatham County, Georgia** pursuant to 28 U.S.C. § 1447(c). As this case is remanded, all pending motions are **DISMISSED AS MOOT**. The **Clerk of Court** is **DIRECTED** to **close this case**.

SO ORDERED this 10th day of August, 2009.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA